**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **DAJUAN HOLMES-HAMILTON et al.,** | * | |
| **Plaintiffs,** | * | |
| v. | | **Case No.: GJH-21-00702** |
| | * | |
| **FEDERAL BUREAU OF INVESTIGATION,** | | |
| | * | |
| **Defendant.** | | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION**

Plaintiffs DaJuan Holmes-Hamilton, Jeremiah Williams, and William Cox brought this civil action alleging that Defendant violated the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA") by failing to provide a substantive and timely response to Plaintiffs' FOIA requests. Pending before the Court is Defendant's Motion to Dismiss for Improper Venue. ECF No. 8. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendant's Motion is granted, and the case shall be transferred to the United States District Court for the District of Columbia.

**I.     BACKGROUND[1]**

In 2019, multiple United States citizens vacationing in the Dominican Republic died or became seriously ill, which prompted the FBI, at the request of the United States Department of State, to investigate the unexplained deaths and illnesses. ECF No. 1 ¶ 6. Plaintiffs in the instant

---

[1] Unless stated otherwise, all facts are taken from Plaintiffs' Complaint, ECF No. 1, or documents attached to and relied upon in the Complaint and are accepted as true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

case are family members of three individuals who died while on vacation in the Dominican Republic in 2019.

Plaintiff DaJuan Holmes-Hamilton, a United States citizen and resident of Prince George's County, Maryland, is the adult daughter of Nathaniel Edward Holmes, who died on or about May 30, 2019, in the Dominican Republic. *Id.* ¶ 1. Plaintiff Jeremiah Williams, also a U.S. citizen and resident of Prince George's County, Maryland, is the adult son of Cynthia Ann Day, who was also found dead on or about May 30, 2019 while vacationing with Holmes in the Dominican Republic. *Id.* ¶ 2. Holmes and Day travelled to the Dominican Republic together to celebrate their engagement and, while there, they were found dead in their hotel room "with copious amounts of frothy secretions around their nose and mouth." *Id.* ¶ 3. Plaintiffs allege that days prior, another American tourist died of respiratory failure and pulmonary edema at the same resort. *Id.* The bodies of Holmes and Day were "drained of fluid and underwent an autopsy in the Dominican Republic" before they were transported to the United States for a private autopsy at the request of their families. *Id.* Plaintiffs allege that the privately conducted autopsy findings documented that their deaths, "in the same hotel room within hours of one another," were not consistent with natural causes. *Id.*

Plaintiff William Cox, a U.S. citizen and resident of the State of Tennessee, is the adult son of Leyla Cox, who was found dead on or about June 10, 2019 while vacationing alone in the Dominican Republic. *Id.* ¶¶ 4, 5. He demanded that her body be returned to the United States for autopsy, however, he alleges that State Department employees and local Dominican Republic authorities told him that this was impossible. *Id.* Plaintiff Cox alleges that "[t]he only known samples of Leyla's blood to escape the Dominican Republic after her death disappeared at a Federal Express processing center en route to a private pathology lab" that he retained. *Id.*

Plaintiff Cox further alleges that while the United States Department of State publicly reported that the FBI had performed toxicology testing on several specimens, including those of Leyla Cox, no results were provided by the FBI. *Id.* ¶ 4. Through their attorneys, Plaintiffs made "virtually identical FOIA requests" to Defendant, which are at issue in the instant case. And "[p]ursuant to communication from the FBI, the FOIA requests for Cynthia Day, Nathaniel Holmes, and Leyla Cox 'share the same file.'" *Id.* ¶ 8.

First, on November 27, 2019, Plaintiffs Holmes-Hamilton and Williams requested the following records from Defendant:

> **1.** A copy of all communications, including but not limited to all FD-159's regarding the FBI involvement in the investigation of the deaths of the above-referenced United States' citizens Cynthia Ann Day and Nathaniel Edward Holmes.
> **a.** This request includes communications with foreign governments as well as other federal agencies.
> **b.** This request includes communications where the FBI involvement in this investigation was first requested.
> **2.** All interview notes, investigative notes, reports of toxicological studies, and FD-302s, relating or referring to the investigation of the deaths above-referenced United States' citizens Cynthia Ann Day and Nathaniel Edward Holmes.
> **3.** All communications by the FBI with the United States State Department regarding the basis of the FBI assertion as shared by the State Department on or about October 19, 2019 that the above referenced United States' citizens Cynthia Ann Day and Nathaniel Edward Holmes died of natural causes.
> **a.** This request specifically includes communications with the Office of United States Ambassador Robin S. Bernstein.

ECF No. 1 ¶ 15. After submitting the request electronically and through certified mail, *id.* ¶ 16; ECF No. 1-1, Defendant acknowledged receipt of the FOIA request and assigned it FOIPA Request No.: 1453704-000. *Id.* ¶ 17; ECF No. 1-2. Then, on December 10, 2019, Defendant denied Plaintiffs' request stating, "that the records sought were located in an investigative file which was exempt from disclosure" under 5 U.S.C. § 552(b)(7)(A) as "information complied for law enforcement purposes" that "could reasonably be expected to interfere with enforcement proceedings." *Id.* ¶¶ 18–19; ECF No. 1-3. Plaintiffs Holms-Hamilton and Williams allege that

3

Defendant made no attempt to explain the law enforcement purpose of the records "much less show production could reasonably be expected to interfere with enforcement proceedings." *Id.* ¶ 20. Plaintiffs further allege that Defendant was not investigating any federal crime, as evidenced by a July 11, 2019 email from Defendant's representative in which the representative stated, in relevant part, that "because there is not, at this time, evidence of a federal crime within FBI jurisdiction, the nature of the assistance the FBI may provide is limited." *Id.* ¶ 21; ECF No. 1-4. On February 24, 2020, Plaintiffs appealed the Agency determination, *id.* ¶ 22; ECF No. 1-5, and on June 3, 2020, the Department of Justice Office of Information Policy ("OIP") granted Plaintiffs' appeal, holding that Defendant's invocation of Exemption 7A was "no longer applicable to withhold the records in full." *Id.* ¶ 22; ECF No. 1-6. On July 30, 2020, Defendant acknowledged receipt of the remanded appeal and estimated a production date "in excess of five (5) years from the date of the remand," which Plaintiffs allege is unlawful. *Id.* ¶ 23.

Next, on December 11, 2019, Plaintiff Cox requested similar records from Defendant including the following:

> **1.** A copy of all communications, including but not limited to all FD-159's regarding the FBI involvement in the investigation of the deaths of the above-referenced United States' citizens Leyla Ann Cox.
> **a.** This request includes communications with foreign governments as well as other federal agencies.
> **b.** This request includes communications where the FBI involvement in this investigation was first requested.
> **2.** All interview notes, investigative notes, reports of toxicological studies, and FD-302s, relating or referring to the investigation of the deaths above-referenced United States' citizens Leyla Ann Cox.
> **3.** All communications by the FBI with the United States State Department regarding the basis of the FBI assertion as shared by the State Department on or about October 19, 2019 that the above referenced United States' citizen Leyla Ann Cox died of natural causes.
> **a.** This request specifically includes communications with the Office of United States Ambassador Robin S. Bernstein.

*Id.* ¶ 26. After Plaintiff submitted this request both electronically and by certified mail, *id.* ¶ 27; ECF No. 1-7, Defendant acknowledged receipt of the Request on December 11, 2019, though Plaintiff alleges that no additional response was provided. *Id.* ¶ 28; ECF No. 1-8. Plaintiff Cox's FOIA request was assigned FOIPA Request No.: 1454587 on December 17, 2019, and on the same day, Defendant "communicated that the Cox FOIA was not consistent with the FBI eFOIPA portal terms of service." *Id.* ¶ 30; ECF No. 1-9. After failing to receive any additional communication from Defendant regarding the FOIA request, *id.* ¶ 31, Plaintiff Cox then appealed both (1) Defendant's failure to respond to the written or electronically submitted FOIA request and (2) the determination that the electronic FOIA submission failed to meet the agency's terms of service. *Id.* ¶ 32; ECF No. 1-10. On June 17, 2020, Defendant's FOIA Negotiation Team communicated through email that Plaintiff Cox's FOIA "was being processed as a complex large track request and would require nearly five years to complete." *Id.* ¶ 33; ECF No. 1-11.

Several months later, on September 8, 2020, Plaintiff Cox's administrative appeal was dismissed because the OIP determined that Defendant "had not 'as of yet' made an adverse determination," though Plaintiff alleges that "there was no explanation by the author of the letter which of the two complaints were considered." *Id.* ¶ 34; ECF No. 1-12. Similar to Plaintiffs Holmes-Hamilton and Williams, Plaintiff Cox received an acknowledgement of his FOIA request on June 17, 2020, though it likewise included an estimated production date in excess of five (5) years, which Plaintiff Cox also alleges is unlawful. *Id.* ¶ 35. Plaintiffs allege that they exhausted all available administrative remedies, and that Defendant has "simply refused to participate in FOIA." *Id.* ¶¶ 24–25, 36–37.

On March 19, 2021, Plaintiffs jointly filed suit in this Court alleging a violation of the FOIA for Defendant's failure to promptly produce the requested records. *Id.* ¶¶ 38–42. Defendant filed a Motion to Dismiss for Improper Venue on June 1, 2021, ECF No. 8, asking this Court to dismiss the case for improper venue and transfer the Complaint in its entirety to the United States District Court for the District of Columbia, and Plaintiffs opposed the Motion on June 14, 2021, ECF No. 9. Defendant replied on June 21, 2021, ECF No. 10.

## II.   STANDARD OF REVIEW

"A defendant may challenge the sufficiency of plaintiff's choice of venue by way of a motion under Rule 12(b)(3)." *Stone v. Wells Fargo Bank, N.A.*, 361 F. Supp. 3d 539, 549 (D. Md. 2019) (citing *Bartholomew v. Va. Chiropractors Ass'n*, 612 F.2d 812, 816 (4th Cir. 1979)). When such a challenge has been made, "the Plaintiff bears the burden of establishing proper venue." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018); *Delta T, LLC*, 2019 WL 3220287, at *2 (quoting *Plant Genetics Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996)). "To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) (citing *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988)). "Unlike a Rule 12(b)(6) motion, evidence outside the pleadings may be 'freely consider[ed]' in ruling on a Rule 12(b)(3) motion." *Am. Ins. Mktg. Corp. v. 5 Star Life Ins. Co.*, 958 F. Supp. 2d 609, 612 (D. Md. 2013) (alteration in original) (quoting *Sucampo Pharm. Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006)); *see also Aggarao*, 675 F.3d at 365–66. However, "[a]ll reasonable inferences must still be drawn in the light most favorable to the plaintiff." *Am. Ins. Mktg. Corp.*, 958 F. Supp. 2d at 612 (citing *CoStar Realty Info., Inc. v. Field*, 612 F. Supp. 2d 660, 672 (D. Md. 2009)).

III.    DISCUSSION

The venue provision of the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), establishes that where a complainant seeks to enjoin an agency from withholding records and to order the production of any improperly withheld agency records, venue is proper only in "the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." [2] *Id.*

Plaintiffs' Complaint states that "[v]enue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B), because the Day and Holmes Plaintiffs reside in Prince George's County, Maryland." ECF No. 1 ¶ 13.[3] Plaintiffs further state that "[t]his Court can and should exercise jurisdiction over the Cox Plaintiff's claims" because the "Cox FOIA was nearly identical to those of Day and Holmes, submitted at approximately the same time, the FBI regards the Plaintiffs' FOIA request as substantially similar[,] and the legal issues involved are substantially similar." *Id.* ¶ 14. Defendant argues that the Court "should decline this invitation" because Plaintiff Cox, who does not live in this district, also does not allege that he has his principal place of business here, nor do the records reside in this district, and because his claims, along with Plaintiffs Holms-Hamilton and Williams, would be proper in the District of Columbia. ECF No. 8 ¶¶ 5–7. Because the parties agree that Plaintiffs' cases should remain combined, *see* ECF No. 1 ¶ 14;

---

[2] Though 5 U.S.C. § 552(a)(4)(B) uses the term "jurisdiction," Section (a)(4)(B) is a venue provision, not a jurisdiction conferring statute. *See Jones v. United States Nuclear Regulatory Comm'n*, 654 F. Supp. 130, 132 (D.D.C.1987).

[3] The Court understands Plaintiff to be referring to Plaintiff Williams as the "Day" Plaintiff, as Williams is the adult son of Cynthia Ann Day.

ECF No. 10 at 1,[4] the issue before the Court is whether to exercise pendant venue over Plaintiff

Cox's claims. The Court declines to do so.

From a plain reading of the FOIA venue provision, it is clear that venue in this district is

only proper as to Plaintiffs Holmes-Hamilton and Williams, who are residents of Prince

George's County, Maryland. ECF No. 1 ¶¶ 1–2. Plaintiff Cox does not reside in this district and

he does not allege that he has his principal place of business here, or that Defendant's agency

records are located here. *See generally* ECF No. 1; ECF No. 9. Plaintiffs urge that this Court

"can and should exercise jurisdiction over the Cox Plaintiff's claims," despite FOIA's clear

venue provision, because the Cox FOIA was "nearly identical" to the Day and Holmes FOIA

request and because the requests and legal issues involved are "substantially similar," ECF No. 1

¶ 14, however, the Court is unaware of any authority showing that other courts have exercised

pendant venue in a FOIA records action in a similar circumstance. In fact, at least one court has

previously cautioned against doing so because of concerns over forum shopping. *See Boggs v.*

*United States*, 987 F. Supp. 11, 18 n.4 (D.D.C. 1997) ("This court also elects to proceed with

great caution in using claims originating under FOIA as the 'hook' on which a party might

attempt to make a claim of pendant venue, in that it might encourage forum shopping. Under the

FOIA venue statute, 5 U.S.C. 552(a)(4)(B), venue is always proper in the District of

Columbia.").

Because "Congress explicitly laid venue in FOIA cases" in the locales enumerated in the

statute, *Lykins v. United States Dep't of Just.*, 725 F.2d 1455, 1462 n.7 (D.C. Cir. 1984),

Plaintiffs' general recitation of the doctrine of pendant venue, *see* ECF No. 9 ¶ 4, and related

argument, *id.* ¶¶ 5-8, is insufficient to overcome Section 552(a)(4)(B)'s venue provision. Though

---

[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated
by that system.

this Court agrees that Plaintiffs' claims should remain together for the sake of judicial efficiency, this does not require the exercise of pendant venue over Plaintiff Cox's claims when the statute provides a venue where all three Plaintiffs' claims can remain together: The District of Columbia. *See* § 552(a)(4)(B). "Section 552(a)(4)(B) reflects an express congressional design to render the District of Columbia an all-purpose forum in FOIA cases . . . first to provide plaintiffs with an opportunity to bring complaints in a court which has substantial expertise in working with the FOIA; second, to provide a forum convenient to the defendant since attorneys in the Justice Department in Washington, D.C., will have been involved in initial FOIA determinations at the administrative level." *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983) (internal quotations and citations omitted).

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "The decision to transfer is left to the sound discretion of the trial court and should be determined on a case-by-case basis." *Essex Ins. Co. v. MDRB Corp.*, No. 06-cv-0326-DKC, 2006 WL 1892411, at *4 (D. Md. June 7, 2006) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988)). However, "[w]hen venue would be proper in another district . . . , transfer is preferred over dismissal." *Id.* Venue for all three Plaintiffs is appropriate in the District of Columbia under 5 U.S.C. 552(a)(4)(B), which explicitly provides for venue in the District of Columbia. Consequently, while this Court finds that venue as to Plaintiff Cox is improper, it declines to dismiss the action and instead orders that the case, in its entirety, shall be transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1406(a).

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Improper Venue is granted, and the case shall be transferred to the United States District Court for the District of Columbia. A separate Order shall issue.

Date: <u>November 5, 2021</u>                              <u>      /s/                                    </u>
                                                                            GEORGE J. HAZEL
                                                                            United States District Judge